Mr. Arthur I. Jacobs General Counsel Florida Prosecuting Attorneys Association Post Office Box 1110 Fernandina Beach, Florida 32035-1110
Dear Mr. Jacobs:
On behalf of the twenty elected State Attorneys, you ask this office to reconsider its response to the Honorable Katherine Fernandez Rundle in Attorney General Opinion 98-64 on the following question:
Is a state attorney authorized under the Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act to file a petition for the involuntary civil commitment of persons scheduled to be released on or after January 1, 1999, independent of a recommendation from the multi-disciplinary team?
In sum, based upon further review of this issue, and the jurisdictional concerns raised by the various state attorneys, Attorney General Opinion 98-64 is revised to reflect the following opinion as to question three:
A state attorney may not, under the Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act, file a petition for the involuntary civil commitment of persons scheduled to be released on or after January 1, 1999, independent of a recommendation from the multidisciplinary team.
The "Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act," (act) establishes a system for the involuntary evaluation and treatment of sexually violent predators. Section 916.31, Florida Statutes (1998 Supplement), states that the Legislature finds a small but extremely dangerous number of sexually violent predators exist who do not have a mental disease or defect rendering them appropriate for existing treatment programs. The likelihood of these offenders engaging in repeat acts of predatory sexual violence is high. Their treatment needs are long-term and are not readily met in a prison setting. The Legislature, therefore, has determined it necessary to create a civil commitment procedure for the long-term care and treatment of these individuals.
The act contemplates that notice of the anticipated release of a person convicted of a sexually violent offense will be provided to a multidisciplinary team established by the Secretary of Children and Family Services, and the local state attorney.[1] The multidisciplinary team, "which shall include two licensed psychiatrists or psychologists, or one licensed psychiatrist and one licensed psychologist, designated by the Secretary of Children and Family Services,"[2] assesses whether the person meets the definition of sexually violent predator[3] and provides the state attorney with its written assessment and recommendation.[4] The state attorney may file a petition in the judicial circuit where the person committed the sexually violent offense alleging that the person is a sexually violent predator.[5] If the court finds probable cause, the judge shall direct that the person be taken into custody and held in an appropriate secure facility.[6] A trial is subsequently held to determine whether the person is a sexually violent predator.[7]
This office in Attorney General Opinion 98-64 recognized the act contemplates that the multidisciplinary team will provide an assessment and recommendation to the state attorney as to whether a person meets the definition of sexually violent predator. However, based upon the language of section 916.33, Florida Statutes (1998 Supplement), stating that "[t]he provisions of this section are not jurisdictional," this office concluded that the state attorney may file a petition for the involuntary civil commitment of persons scheduled to be released on or after January 1, 1999, independently of a recommendation from the multidisciplinary team.
Section 916.34, Florida Statutes (1998 Supplement), however, provides that
"Following receipt of the written assessment and recommendationfrom the multidisciplinary team, the state attorney in the judicial circuit where the person committed the sexually violent offense may file a petition with the circuit court alleging that the person is a sexually violent predator and stating facts sufficient to support such allegation." (e.s.)
Unlike section 916.33, Florida Statutes (1998 Supplement), section 916.34, Florida Statutes (1998 Supplement), does not contain the jurisdictional disclaimer. Under its terms, the state attorney may act "following receipt" of the multidisciplinary team's assessment and recommendation. The failure to receive such report prior to the state attorney acting may, therefore, raise a jurisdictional question that has not been resolved by the legislation. Moreover, while section 916.33, Florida Statutes (1998 Supplement), states that its requirements are not jurisdictional, nowhere in the act are there any procedures prescribed for the state attorney to proceed in the absence of a written assessment and recommendation from the multidisciplinary team.
In light of the questions raised by the language of section 916.34, Florida Statutes (1998 Supplement), the state attorney should only file a petition with the circuit alleging that a person is a sexually violent predator after receiving the written assessment and recommendation of the multidisciplinary team.
Accordingly, Attorney General's Opinion 98-64 is revised and I am of the opinion that a state attorney may not, under the Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act, file a petition for the involuntary civil commitment of persons scheduled to be released on or after January 1, 1999, independent of a recommendation from the multidisciplinary team.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjwgh
[1] See, s. 916.33(1), Fla. Stat. (1998 Supp.), as created by s. 5, Ch. 98-64, Laws of Florida. Such notice is to be provided by the agency having jurisdiction over the person convicted of the sexually violent offense. See, s. 916.32(1), Fla. Stat. (1998 Supp.), as created by s. 4, Ch. 98-64, supra, defining "Agency with jurisdiction."
[2] Section 916.33(3), Fla. Stat. (1998).
[3] See, s. 916.32(9), Fla. Stat. (1998 Supp.), as created by s. 4, Ch. 98-64, supra, defining "Sexually violent predator" as a person who:
"(a) Has been convicted of a sexually violent offense; and
(b) Suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment."
[4] Section 916.33(3), Fla. Stat. (1998 Supp.), as created by s. 5, Ch. 98-64, supra.
[5] Section 916.34, Fla. Stat. (1998 Supp.), as created by s. 6, Ch. 98-64, supra.
[6] Section 916.35, Fla. Stat. (1998 Supp.), as created by s. 7, Ch. 98-64, supra. The statute provides for an ex parte proceeding on probable cause as well as an adversarial hearing on probable cause.
[7] See, s. 916.36, Fla. Stat. (1998 Supp.), as created by s. 8, Ch. 98-64, supra.